IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:18-CR-6-KS-MTP

**ADAM BRENT WALLACE**

### ORDER

On September 14, 2011, Defendant pleaded guilty to one count of receipt of child pornography in the United States District Court for the District of Nevada. On January 9, 2012, that Court sentenced him to 97 months of imprisonment followed by a lifetime of supervised release. On April 6, 2018, Defendant was released from the custody of the Bureau of Prisons. Around the same time, the Court in Nevada transferred jurisdiction of Defendant's supervised release to this Court. In September 2018, Defendant pleaded guilty to a state charge of child exploitation in the Lamar County Circuit Court, stemming from a 2014 indictment. At present, Defendant is currently incarcerated in South Mississippi Correctional Institute on a state charge of child exploitation, with a tentative release date of April 5, 2023.

Defendant filed a Motion to Terminate Supervised Release [6]. He argues that the sentencing Court failed to establish whether his guilty plea was knowing and voluntary, and that it failed to determine whether there was a factual basis for the plea. Defendant also notes his good behavior during incarceration, and his efforts to educate himself through various programs available at his facility.

The Court read the transcript of Defendant's change-of-plea hearing, and everything that occurred at the hearing indicates that Defendant's guilty plea was knowing and voluntary. Defendant testified that he was not under the influence of any intoxicating drugs, substances, or narcotics. His attorney attested that he believed Defendant to be fully competent to understand the charge, the nature of proceedings, and the plea agreement. Defendant acknowledged that he had read the Plea Agreement and discussed it with his attorney. After the Government stated the essential terms of the Plea Agreement, Defendant agreed that it corresponded with his understanding. The Court further clarified the potential sentencing options. Finally, Defendant testified that he had not been coerced or threatened, that he understood that he was waiving certain constitutional rights, and that he understood the Government would bear the burden of proof at trial. Defendant also agreed with the Court's recitation of and inquiries regarding the factual basis of the charges against him.

Additionally, in the Plea Agreement, Defendant stated in multiple places that he understood what he was doing, that he had discussed the matter with his attorney, that he understood the factual basis of the plea, that he knowingly and voluntarily waived numerous rights and defenses, that he had been advised and understood the implications of pleading guilty to the instant offense, and that he had been advised and understood the potential sentencing range.

Therefore, the Court concludes that Defendant's plea was, in fact, knowing and

voluntary, and that the sentencing Court did, in fact, determine the factual basis for the plea. While Defendant's self-improvement activities during incarceration are laudatory, he has not yet established in the free world that there is no need for further supervised release. Accordingly, the Court **denies** Defendant's Motion to Terminate Supervised Release [6].

SO ORDERED AND ADJUDGED this ___7th___ day of September, 2021.

/s/Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
